## JUDGE OF PROBATE *v.* ORDWAY.

The ordinary rules of construction will give way, in the construction of a bond to the judge of probate, where the nature of the bond is prescribed by the statute.

If there are general words, in such bond, sufficiently extensive to meet the requirements of the statute, they will not be restricted by a partial enumeration of particulars.

Such a bond, conditioned to pay all the liabilities of the estate of a person deceased, will be held to cover all the expenses of administration, even though one of the expressions of the condition is to pay all expenses of administration incurred before its date.

A rejoinder will be held bad, if its denial is not as broad as the material averments of the replication.

DEBT, founded upon the defendant's bond for the sum of five hundred dollars, dated April 15th, 1848, payable to the plaintiff. The suit was brought for the benefit and at the request of Hosea C. Knowlton of Chichester, in the county of Merrimack, who claimed to recover therein the sum of twenty-three dollars and nineteen cents and interest thereon, being the balance decreed at the February term, 1849, by the judge of probate for the county of Merrimack, to be due him on the settlement of his account of administering the estate of Lemuel Ordway, deceased.

The pleadings were as follows:

"And the said Joel S. Ordway comes and defends, &c., when, &c., and craves oyer of the said writing obligatory, and it is read to him in the words and figures following, to wit: 'Know all men by these presents, that I, Joel S. Ordway of, &c., as prin-

cipal, and we, Harvey and Wheeler of, &c., sureties, are held and firmly bound to the judge of probate for the county of Merrimack, in the sum of five hundred dollars, to be paid to said judge of probate; to the payment whereof, well and truly to be made, we jointly and severally bind ourselves, administrators, executors and heirs firmly by these presents, sealed with our seals and dated the fifteenth day of April, A. D. 1848.'

He also craves oyer of the condition of the said writing obligatory, and it is read to him in these words: 'The condition of this obligation is that if the said Joel S. Ordway shall well and truly pay, or cause to be paid all the just debts, legacies and liabilities of Lemuel Ordway, late of Loudon in said county of Merrimack, deceased, and of his estate, within one year from the date hereof, and shall indemnify and save Hosea C. Knowlton of Chichester, in said county, esquire, administrator of said deceased, harmless from all such debts, legacies and liabilities, and pay the expense of administration so far as the same have been incurred by said Knowlton, administrator, then this obligation shall be void.'

Which being read and heard, the said Joel S. Ordway says there is no cause of action, because he says, that he, the said Joel S. Ordway, before the expiration of one year from the date of the writing obligatory, as aforesaid, to wit: on the twentieth day of March, one thousand eight hundred and forty-nine, at Loudon aforesaid, paid all the debts, legacies and liabilities of said Lemuel Ordway, deceased, and of his estate, and has indemnified and saved the said Hosea C. Knowlton harmless from all such debts, legacies and liabilities, and has paid the expense of administration so far as the same has been incurred by said Knowlton, mentioned in the said condition, according to the form and effect of the aforesaid condition; and this he is ready to verify; whereupon he prays judgment if the plaintiff ought to have or maintain his said action thereof against him and for his costs.

By his attorneys, PERLEY & BADGER."

" And now the plaintiff says, as to said plea of said defendant, above in bar pleaded, he ought not to be precluded from having

and maintaining his action aforesaid against said defendant, by reason of any thing therein alleged, because he says that said defendant did not before the expiration of one year from the date of said writing obligatory, to wit: on the twentieth day of March, 1849, at Loudon aforesaid, pay all the debts, legacies and liabilities, of said L. Ordway, deceased, and of his estate, and indemnify and save said Knowlton harmless from all such debts, legacies and liabilities, and pay the expenses of administration so far as the same had been incurred by said Knowlton, mentioned in said condition, according to the form and condition, in manner and form as said defendant hath above thereof in pleading alleged, but the sum of twenty-three dollars and nineteen cents, part and parcel of the debts, legacies and liabilities of said Lemuel Ordway deceased, and of his estate, and of the expenses of administration of said estate, being the balance found by the judge of probate for said county of Merrimack, at said Concord, February twenty-seventh, eighteen hundred and forty-nine, to be due and owing to said Knowlton, upon the settlement of his account of the adminisiration of said estate, said defendant, though requested, to wit: at said Loudon, on said twentieth day of March, 1849, never paid, and although often since requested, to wit: at said Concord, has never paid, but wholly failed and made default therein. · And this the plaintiff is ready to verify: wherefore he prays judgment of his debt aforesaid, and damages, and for his costs.

By his attorney, ASA FOWLER."

" And the said defendant, as to the said replication of the said plaintiff to the said plea of the said defendant, saith that the said plaintiff ought not, by reason of any thing by him in that replication alleged, to have or maintain his aforesaid action thereof, against him the said defendant, because he says that he did, within one year from the date of said bond, pay all the just debts legacies and liabilities of Lemuel Ordway, deceased, and indemnify and save harmless Hosea C. Knowlton, administrator of said Lemuel, from all said debts, legacies and liabilities, and did pay the expenses of administration, so far as the same had been then incurred; nor was there a balance of twenty-three dollars and

nineteen cents, or of any other sum, found and remaining due and unpaid, of the debts, legacies and liabilities of said deceased, and of his estate, and of the expenses of administration of said estate, so far as the same had been incurred at the date of said bond. And this he is ready to verify; wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against the said defendant.

　　　　　　　　By his attorney, H. A. BELLOWS."

"And the plaintiff says that he, notwithstanding any thing by said defendant above in rejoining alleged, ought not to be barred from having his said action thereof, against him the said defendant, because he says that the plea aforesaid, by said defendant in manner and form aforesaid above in rejoining pleaded, and the matter in the same contained, are not sufficient in law to bar the plaintiff from having his said action thereof against the said defendant, to which the plaintiff has no necessity, nor is bound by the law of the land in any manner to answer; and this he is ready to verify. Wherefore, for want of a sufficient rejoinder in this behalf, the plaintiff prays judgment and his debt aforesaid, together with the damages on occasion of the detention of the said debt, to be adjudged to him, and for his costs.

And for causes of demurrer in law, the plaintiff assigns to the court here, the following:

1. Because said rejoinder does not follow, maintain, support and sustain the plea in this, that the plea alleges the time when, and the place where, the defendant, as he alleges, performed the condition of the bond declared on, which are traversed by the replication; while the rejoinder merely affirms generally, that the condition was performed within a year from the date of the bond, without stating particularly when or where it was done.

2. Because said rejoinder does not only fail to follow and maintain the plea, but does not traverse directly and explicitly the allegations of the replication, but endeavors to evade and avoid them by new affirmations and positions, insufficient in law.

3. Because said rejoinder concludes with a verification instead of concluding to the country, as it should have done by the rules of common law.

　　　VOL. XXIII.　　　26

Judge of Probate *v.* Ordway.

4.   Because said rejoinder is evasive and argumentative, and in many other respects uncertain, informal, defective and insufficient.

By means of all which the defendant artfully endeavors to prevent the plaintiff from obtaining a trial and judgment in this suit, as he is entitled to have.

By his attorney, ASA FOWLER."

*Fowler*, for the plaintiff.

*Bellows*, and *Badger*, for the defendant.

BELL, J.   The questions arising in this case grow out of the form of the bond.

By § 4 of chap. 164, Revised Statutes, it is provided, that, "no license," (for the sale of the real estate of a person deceased,) " shall be granted, if the heirs or devisees shall give to the judge (of probate) a bond with sufficient sureties for the payment of such just demands, (namely, see § 1, " the just demands by law chargeable to the estate,") and to indemnify the administrator therefrom."

The condition of the bond, in this case, might well have been, following the language of the statute itself, " if the said J. S. Ordway, shall, within one year from the date hereof, well and truly pay and discharge *all the just demands by law chargeable to the estate of said Lemuel Ordway, deceased,* which the personal estate of said deceased shall be insufficient to pay, and shall indemnify the said administrator therefrom;" and these questions could not have arisen.

Instead of the statute phrase " pay all the just demands by law chargeable to the estate, and indemnify the administrator therefrom," this bond has,—*pay all the just debts, legacies and liabilities of Lemuel Ordway, deceased, and of his estate,* and indemnify the administrator, and save him harmless from all such debts, legacies and liabilities, and pay the expenses of administration, *so far as the same have been incurred.*

This was doubtless designed to be equivalent to the language

of the statute, but is really no improvement, as it is inferior, both in terseness and precision; still it contains the substance of the language of the statute, because, disregarding all the rest, as mere redundance, we think, the expression, *all * * * the liabilities of * * * the estate of the deceased,* is an equivalent for the words " all the just demands by law chargeable to the estate of the deceased." We call to mind no claim embraced in one of these expressions which is not included in the other.

Starting then from this point, and disregarding all but these material words, let us see how these pleadings stand.

The plea alleges that within one year, viz: on the twentieth of March, 1849, the defendant *paid all the liabilities of said estate,* &c., and all the expenses of administration then incurred.

The replication alleges, that the defendant did not, within one year, pay all the liabilities of said estate; but the sum of $23.19, part of the liabilities of said estate, being the balance found due, &c., upon settlement, &c., by the judge, &c., defendant, though requested, to wit: at, &c., on, &c., has never paid, &c.

The rejoinder alleges, that the defendant did within one year, &c., pay all the liabilities *of L. Ordway, deceased, (not the liabilities of the estate,)* and indemnify, &c., from said liabilities, &c., and pay the expenses of administration, so far as they had been then incurred, and no sum of $23.19, nor other sum, was found due, of the debts, legacies and liabilities of said deceased and of his estate, and of the expenses of administration of said estate, so far as the same had been incurred at the date of the bond.

The material matter of this rejoinder is, that no balance of $23.19, nor other sum was found due and unpaid, of the liabilities of the deceased and of his estate, and of the expenses of administration, so far as they had been incurred, at the date of the bond.

Now taking the view before suggested, of the obligations imposed by the bond, that it bound the defendant to pay all the legal liabilities of the estate, that is, all the just demands by law chargeable to the estate, and that all the rest is mere surplusage, it is evident, that the rejoinder is defective, because it does not deny the substance of the allegation, that a balance of $23.19,

part of the liabilities of the estate had not been paid: but it alleges instead, that no such balance is unpaid, of the debts and liabilities *of the deceased and of the estate,* and of the expenses of administration *incurred at the date of the bond,* which is a very different matter.

It is apparent, that by the legal effect of the bond, according to the construction we give it, it is of no consequence when the expenses of administration were incurred; they are liabilities of the estate and must be paid. "The estate of every person deceased, shall be chargeable with the just expenses of the administration thereof," Rev. Stat. ch. 159, § 14. The attempt is to raise an issue upon an immaterial matter; upon that part of the language of the bond, which seems to us to be mere redundance and surplusage. Such an attempt must of course fail, because upon the view we take of the legal effect and operation of the bond, the rejoinder is no answer to the replication.

The point designed to be raised by the rejoinder would have been better reached by the allegation, that the said sum of 23.19, found due by the judge, &c., upon settlement, &c., was found due by reason of expenses of administration, incurred by said administrator after the date of the bond, and not otherwise.

This new fact, distinctly alleged, of course required a verification.

If demurred to, it raises the question, whether or not the bond, as it is drawn, covers the whole expenses of administration.

We think it may be well construed, to cover the whole of the just demands by law chargeable to the estate, including all the expenses of administration. It is necessary to give this force to the word *liabilities,* or the bond comes entirely short of its legal object. Various charges are to be paid by the estate, which are neither debts, legacies, nor expenses of administration; such are the support of minor children, &c. Rev. Stat., ch. 159, § 14.

The rejoinder is narrower than the replication, in the use of the word *and,* in the phrase " liabilities of the deceased, *and* of the estate." As used in the replication, *and* connects phrases, to wit: part of the liabilities of the deceased, and part of the liabilities of the estate; either of which is sufficient; while in the

rejoinder, it connects *deceased,* and *estate,* so that the denial is that they are part of the liabilities of the deceased and of his estate both, when both are not required. The denial should be, not liabilities of the deceased *nor* of the estate.

The first exception or cause of demurrer is immaterial, because the reïteration of the allegation of payment is not of consequence, the only material part of the rejoinder is the latter part, — *nor was there a balance.*

The second cause is well founded. Every pleading must traverse some statement of the previous pleading, or it must admit the facts alleged ; and set forth such new facts as neutralize or avoid the effect of them. This rejoinder does neither. It asserts no new fact, and it does not deny what is stated. It does attempt to make a denial, but it is not a denial of the matter alleged in the replication, but of a different thing entirely. The one alleges a balance unpaid, of liabilities of the estate, the other denies a balance unpaid of the liabilities of the estate, which are also liabilities of the deceased. A similar defect exists in the counter allegation of the two pleadings in regard to the expenses of administration, but is more obvious. There plication says, a balance was unpaid of the expenses of administration of said estate. The rejoinder says, no balance was unpaid of the expenses of administration of said estate, *so far as the same had been incurred at the date of said bond.* This is no denial of the statement in the replication. It is in fact a negative pregnant, a denial, which tacitly admits the facts it seems to controvert.

The third cause of demurrer is well founded. If new facts are alleged, there should be a verification. If there is merely a denial of something alleged, or supposed to be alleged on the other side, the conclusion should be to the country.

The great objections to the view which we have taken, are those which result from the rules of construction, which hold, that the enumeration of one thing is the exclusion of others, and that general terms are limited by an enumeration of particulars. The bond in this case provides for the payment of the expenses of administration, so far as the same have been incurred. It is contended, that this necessarily excludes the payment of

the expenses of administration incurred afterwards, whatever general words may be used, which otherwise might have a different operation.   However forcible this argument might be in some cases, these are, after all, but rules of construction, which experience has shown usually to lead to right results, but which are binding on us, not conclusively, but only so far as, on comparison with other rules, they seem to lead to reasonable conclusions.   But we are bound to look at the surrounding circumstances, and to weigh them in coming to a conclusion.   In this supreme court of probate, we know on what occasions the judge of probate is authorized to take official bonds.   We take judicial notice of them.   We observe, that a bond of this kind is to be given by law to the judge, only upon a single occasion and that is, when the judge is applied to for license to sell the real estate of a person deceased, for the payment of debts, &c., and the heirs, &c., resist the application, by giving bond to pay the debts. We notice the kind of bond the law authorises the judge to receive, and requires him to exact.   Thus we know what the parties must have intended, much better than by any general rules of construction ; and we are bound to give to the language used, such construction as will give effect to the intention of the law, and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may be drawn, and though some of the expressions used might even be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation, and without that same light which the statutes afford us as to the intention of the parties and of the probate court.

*Judgment for the plaintiff.*